FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 13 2016

JAMES W. McCORMACK, CLERK

By:_____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES DANIEL HOLT                                                                PLAINTIFF

v.                          CASE NO. 4:16cv202 SWW

U.S. BANK NATIONAL HOME ASSOCIATION;
CALIBER HOME LOANS, INC.;
JOHN AND JANE DOES NOS. 1-10; AND
JOHN DOE CORPORATIONS NOS. 1-5                                   DEFENDANTS

This case assigned to District Judge _Wright_
and to Magistrate Judge _Deere_

## JOINT NOTICE OF REMOVAL

U.S. Bank National Home Association and Caliber Home Loans, Inc., (collectively "defendants"), under 28 U.S.C. §§ 1332, 1441, and 1446, jointly remove the action styled *James Daniel Holt v. U.S. Bank National Home Association, Caliber Home Loans, Inc., John and Jane Does Nos. 1-10, and John Doe Corporations Nos. 1-5*, Case No. 60CV-16-1358, from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division. As grounds for removal, defendants state:

1.      On March 7, 2016, plaintiff filed his complaint in the Circuit Court of Pulaski County, Arkansas, where it was assigned Case No. 60CV-16-1358. Plaintiff seeks damages based on defendants' alleged negligence when plaintiff was allegedly injured while showing a property for sale.

2.      As explained more fully below, this Court has original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between plaintiff and defendants and the amount in controversy exceeds the jurisdictional minimum of this Court, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

3.  Complete diversity of citizenship exists between plaintiff and defendants under 28 U.S.C. § 1332(a).

4.  Plaintiff James Daniel Holt alleges he is a resident of Pulaski County, Arkansas, and that venue is proper in Pulaski County, Arkansas. *See* Compl. ¶¶ 1, 8 (attached hereto as Exhibit 1). On information and belief, therefore, plaintiff is a citizen of Arkansas. 28 U.S.C. § 1332(a).

5.  Defendant U.S. Bank National Association is a national banking association. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For Section 1348 purposes, a national bank is "located" at the site of its main office, as set forth in the bank's articles of association. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th Cir. 2011). U.S. Bank's articles of association identify Cincinnati, Ohio, as the location of U.S. Bank's main office. U.S. Bank is therefore a citizen of Ohio for purposes of diversity jurisdiction.

6.  Defendant Caliber Home Loans, Inc., is a Delaware corporation with its principal place of business in Texas located at 3701 Regent Boulevard, Irving, Texas. Caliber Home Loans, Inc., is therefore a citizen of Delaware and Texas. 28 U.S.C. §1332(c).

## AMOUNT IN CONTROVERSY

7.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required for original jurisdiction in this Court under 28 U.S.C. § 1332(a). Plaintiff alleges that he is entitled to recover from defendants, a sum "in excess of that required for federal court jurisdiction in diversity of citizenship cases," which is $75,000.00. *See* Compl. at p. 7. Plaintiff contends he is entitled to recover for "severe and permanent personal injuries" including medical

expenses and pain, suffering, and mental anguish, along with lost wages, among other things.  *See* Compl. ¶ 15.  Although defendants dispute that plaintiff is entitled to any damages or relief at all, the amount in controversy sought by plaintiff exceeds the jurisdictional minimum for this Court, exclusive of interest and costs.

## REMOVAL PROCEDURE

8.      Pursuant to 28 U.S.C. § 1446(a), defendants have attached as Exhibit 1 a copy of all process, pleadings, and orders served upon them.

9.      Defendants will give written notice of the filing of this Notice of Removal and will file a copy of this notice of removal with the Clerk of the Circuit Court of Pulaski County, Arkansas, as required by 28 U.S.C. § 1446(d).

10.     Upon information and belief, plaintiff attempted to serve the complaint and summons upon U.S. Bank National Home Association on March 14, 2016, as evidenced by the attached proof of service filed by plaintiff and attached hereto as Exhibit 2.  Regardless of whether or not said service constitutes a valid service of process, U.S. Bank National Home Association has accepted said service of process through its attorney.

11.     Caliber Home Loans, Inc., was purportedly served with the complaint and summons on March 15, 2016, by first class mail.  *See* Exhibit 2.

12.     This removal, therefore, is timely under 28 U.S.C. § 1446(b).

13.     All defendants to this action join in and consent to removal under 28 U.S.C. § 1446(b).

14.     Because this Joint Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, defendants have not waived the right to assert any applicable defenses merely by removing this action from state court.  *Nationwide Eng'g*

& *Control Sys., Inc. v. Thomas*, 837 F.2d 345, 347-48 (8th Cir. 1988) (holding that filing a notice of removal does not waive the right to assert lack of personal jurisdiction). After removal of a case from state court to federal court, the action is governed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c)(1). Federal Rule of Civil Procedure 12 provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or by motion. *See* Fed. R. Civ. P. 12(b). Defendants did not file responsive pleadings or motions asserting defenses in the Circuit Court of Pulaski County, Arkansas.

WHEREFORE, U.S. Bank National Home Association and Caliber Home Loans, Inc., remove this case from the Circuit Court of Pulaski County, Arkansas, and request that this Court exercise jurisdiction over the subject matter.

Respectfully submitted,

QUATTLEBAUM, GROOMS & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
(501) 379-1700 (telephone)
(501) 379-1701 (facsimile)
jfalasco@qgtlaw.com
mheister@qgtlaw.com

By: _____
Joseph R. Falasco, Ark. Bar No. 2002163
Michael B. Heister, Ark. Bar No. 2002091

*Attorneys for U.S. Bank National Association, and Caliber Home Loans, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of April 2016, a copy of the foregoing was served by

electronic and United States mail, postage prepaid, upon the following:

William G. Holt
Gary Holt & Associates, P.A.
P.O. Box 3887
Little Rock, AR 72203-3887
wgh@garyholtlaw.com


Michael B. Heister

# Exhibit 1



Hasler
03/09/2016
US POSTAGE  $13

ZIP
011D11

# First Class Mail



**Gary Holt**
& ASSOCIATES, P.A.
ATTORNEYS AT LAW

PO Box 3887
Little Rock, AR 72203

CERTIFIED MAIL 7196 9008 9111 1658 2048
RETURN RECEIPT REQUESTED

Caliber Home Loans, Inc.
Agent for Service: The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR 72201



March 7, 2016

CERTIFIED MAIL 7196 9008 9111 1658 2048
RETURN RECEIPT REQUESTED

Caliber Home Loans, Inc.
Agent for Service:  The Corporation Company
124 West Capitol Avenue, Suite 1900
Little Rock, AR  72201

   RE: James Daniel Holt v. US Bank National Association; Caliber Home Loans, Inc.,
      John and Jane Does Nos. 1-10: and John Doe Corporations Nos. 1-5
      Pulaski County Circuit Court
      GH&A 216647

Dear Sir/Madam:

   Pursuant to the Arkansas Rules of Civil Procedure, Rule 4, we hereby serve you with a
Complaint, Summons, and Interrogatories and Requests for Production of Documents in regard to
the above-styled case.  Please forward this to your attorney and refer to the summons for the time
in which you have to answer the Complaint.

          Sincerely,

          William Gary Holt
          Attorney at Law

WGH:sg

enclosures



## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT

### JAMES DANIEL HOLT V U.S. BANK NATL ASSOC ET AL

60CV-16-1358

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CALIBER HOME LOANS, INC.
Agent for Service
The Corporation Company
124 W. Capitol Ave, Suite 1900
Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

William Gary Holt
708 West 2nd Street
Little Rock, AR 72203

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:


CLERK OF COURT

Address of Clerks Office

LARRY CRANE,  CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR 72201

LCLERK Mary Ann Neppl, DC

Date: 03/07/2016

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-07  11:20:35
60CV-16-1358
C06D06 : 6 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### _____DIVISION

**JAMES DANIEL HOLT**                                    **PLAINTIFF**

   **v.**                              **NO. _____**

**U.S. BANK NATIONAL ASSOCIATION;**
**CALIBER HOME LOANS, INC.;**
**JOHN AND JANE DOES NOS. 1-10; AND**
**JOHN DOE CORPORATIONS NOS. 1-5**                **DEFENDANTS**

### COMPLAINT

     Comes the Plaintiff, James Daniel Holt, by and through his attorneys Gary

Holt & Associates, P.A., and for his Complaint in negligence against the

Defendants, U.S. Bank National Association, Caliber Home Loans, Inc., John and

Jane Does Nos. 1-10; and John Doe Corporations Nos. 1-5, states as follows:

     1.    The Plaintiff, James Daniel Holt ("Plaintiff" or "Holt"), is an

individual resident of Pulaski County, Arkansas.

     2.    The Defendant, U.S. Bank National Association, is a commercial

bank and publicly traded company doing business in Arkansas, and specifically in

Pulaski County, Arkansas, whose Chief Executive Officer is Richard K. Davis, c/o

U.S. Bancorp, 800 Nicollet Mall, Minneapolis, MN 55402.

3.     The Defendant, Caliber Home Loans, Inc., is a foreign corporation doing business in Arkansas, whose registered agent for service is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, AR 72201.

4.     At all relevant times herein, the above ("Defendants" collectively) were responsible for the maintenance and upkeep of a property located at #4 Talmadge Court, Little Rock, Arkansas.

5.     At all relevant times, the Defendants were vicariously liable for the negligent acts and omissions of their employees, agents and servants under the doctrine of respondeat superior.

6.     Through information and belief, there are additional employees, agents, servants, or contractors of the named defendants, whose names are unavailable at this time.  Accordingly, Plaintiff has identified such individuals as John and Jane Does Nos. 1-10, and in in accordance with Ark. Code Ann. § 16-56-123, an Affidavit of Plaintiff's Counsel is attached hereto as Exhibit A. Plaintiff's collective reference to "the Defendants" in this action includes these John and Jane Does and John Doe Corporations.  The respective and collective Defendants are responsible for the acts and omissions of their employees, agents, servants and contractors under the doctrine of respondeat superior.

7.     Through information and belief, there are additional corporations involved in the management and operation of the area in which Plaintiff was

injured.     Accordingly, Plaintiff has identified such corporations as John Doe Corporations Nos. 1-5, and in accordance with Ark. Code Ann. § 16-56-123, an Affidavit of Plaintiff's Counsel is attached hereto as Exhibit A.     Plaintiff's reference to "the Defendants" in this action also includes any applicable John Doe Corporations.

.8.     The events, acts, and omissions complained of herein occurred in Little Rock, Pulaski County Arkansas; therefore, venue is proper in this Court pursuant to Ark. Code Ann. §16-55-213.

9.     Jurisdiction is proper in this Court pursuant to Ark. Code Ann. §§ 16-4-101 and 16-13-201.

10.     On or about January 8, 2016, the Plaintiff, James Daniel Holt, was a business invitee on the premises of #4 Talmadge Court, Little Rock, Arkansas ("the subject property").  Holt, a licensed Realtor, was on the property to show for sale the subject property to prospective investors/buyers.   When Holt and the prospective investors went out onto to the wooden deck connected to the home on the subject property, Holt fell through the deck, which contained a section of rotten wood which was not apparent and constituted a safety hazard, which proximately caused of Holt's injuries and damages as set out more fully herein below.   Holt had no notice of this hazardous condition, nor was there any warning sign alerting the public, including the selling agents or prospective

buyers of this danger.

11.     The area of the wooden deck was in need of repair or replacement due to the rotten wood where sellers and buyers were likely to go when showing and viewing the subject property.

12.     This hazard due to Defendants' failure to repair and replace an area of rotten wood which was most likely to break when anyone walked or stood on it.  This unstable area was not visibly apparent to those unfamiliar with the subject property.  As a proximate result of Defendants' negligence in maintaining this wooden deck, Plaintiff sustained serious injuries and damages, as more specifically described herein.

13.     Defendants knew or should have known that the area was unstable and hazardous, which had been there for such a length of time that the wooden boards were gray and weathered. Notwithstanding, Defendants did not inspect or repair the area until after Plaintiff's accident resulting in his injuries.

14.     Defendants, through their agents, servants and/or employees, were negligent in the following respects:

a)     Failing to provide safe premises for the Plaintiff, as a business invitee in an area that would be used to shown to prospective buyers and investors;

b)   Failing to maintain the wooden deck in order to provide safe walking conditions and otherwise used;

c)   Failing to repair the wooden deck that was unstable;

d)   Failing to replace the boards that were weathered and rotten;

e)   Failing to inspect the premises, including the attached wooden deck when bought from a foreclosure action in order to sell;

f)   Failing to warn the Plaintiff and others of the unreasonably dangerous condition; and

g)   Otherwise failing to exercise ordinary care under the circumstances for the safety of the Plaintiff.

15.   As a result of the Defendants' negligence and carelessness, the Plaintiff, James Daniel Holt, sustained painful, severe and permanent personal injuries; incurred medical expenses in the past and is reasonably certain to require medical expenses in the future, which amount includes transportation and expenses necessarily incurred in securing such care; underwent pain, suffering and mental anguish in the past and is reasonably certain to experience pain, suffering and mental anguish in the future; sustained permanent scarring and disfigurement; and sustained lost time from work and lost wages and business income in the past and is reasonably certain to sustain lost time from work, lost wages, and lost income in the future.

16.    Plaintiff demands a trial by jury.

17.    Plaintiff reserves the right to amend his complaint pending further discovery.

WHEREFORE, the Plaintiff, James Daniel Holt, prays for a judgment against the Defendants, U.S. Bank National Association, Caliber Home Loans, Inc., John and Jane Does Nos. 1-10; and John Doe Corporations Nos. 1-5, in an amount adequate to compensate him for his injuries and damages, which amount is in excess of that required for federal court jurisdiction in diversity of citizenship cases. The Plaintiff further prays for costs, interest and all other just and proper relief to which he may be entitled.  The Plaintiff further prays that he be granted a jury trial.

Respectfully submitted,

Gary Holt & Associates, P.A.
P. O. Box 3887
Little Rock, AR 72203-3887
Telephone: 501-372-0266
Facsimile: 501-372-2249
Email:  wgh@garyholtlaw.com

/s/ William Gary Holt
William Gary Holt AR # 82090
*Attorney for Plaintiff*

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-07 11:20:35
60CV-16-1358
C06D06 : 2 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____DIVISION

**JAMES DANIEL HOLT**                                          **PLAINTIFF**

    **v.**                          **NO. _____**

**U.S. BANK NATIONAL ASSOCIATION;**
**CALIBER HOME LOANS, INC.;**
**JOHN AND JANE DOES NOS. 1-10; AND**
**JOHN DOE CORPORATIONS NOS. 1-5**                    **DEFENDANTS**

## <u>AFFIDAVIT OF PLAINTIFF'S COUNSEL</u>

Comes William Gary Holt, of Gary Holt & Associates, P.A., and for his Affidavit, being of legal age and otherwise competent to testify, states that the statements below are true and correct:

1.    I am a licensed attorney in good standing in the State of Arkansas and president of Gary Holt & Associates, P.A., who are the attorneys of record for the Plaintiff in the attached Complaint.

2.    Plaintiff has made reasonable effort to obtain the identity of the corporate and individual entities who are likely to be additional defendants involved in Plaintiff's Complaint.

3.    Because the identities of all individuals and entities are unknown, Plaintiff has designated John Does Nos. 1-10 and John Doe Corporations Nos. 1-5 for the purpose of tolling the statute of limitations pursuant to Ark. Code Ann. § 16-56-125.

4.    The pseudo-names will continue to be substituted with the actual names upon further discovery if applicable.

5.    FURTHER AFFIANT SAITH NAUGHT

## VERIFICICATION

I, William Gary Holt, do hereby certify and state, on oath, that the above and foregoing facts are true and correct to the best of my knowledge and belief.

/s/ William Gary Holt
William Gary Holt, ABN 81090
Attorney for Plaintiff

## ACKNOWLEDGMENT

STATE OF ARKANSAS)
                 )SS
COUNTY OF PULASKI)

Subscribed to and sworn before me, a Notary Public, this 5th day of March, 2016.

/s/ Sonya J. Grimes
NOTARY PUBLIC

My commission expires:
December 04, 2022
Commission No. 123911182

## EXHIBIT A

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## _____DIVISION

**JAMES DANIEL HOLT**                                        **PLAINTIFF**

    **v.**          **NO. _____**

**U.S. BANK NATIONAL ASSOCIATION;**
**CALIBER HOME LOANS, INC.;**
**JOHN AND JANE DOES NOS. 1-10; AND**
**JOHN DOE CORPORATIONS NOS. 1-5**                 **DEFENDANTS**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AND CALIBER HOME LOANS, INC.

      Comes the Plaintiff, James Daniel Holt, by and through his attorneys Gary Holt & Associates, P.A., and propounds his First Set of Interrogatories and Requests for Production of Documents to the Defendants, U.S. Bank National Association, and Caliber Home Loans, Inc., and to be answered in the time and manner prescribed by law:

### DEFINITIONS

      The following definitions are included to serve as an aid in responding to these interrogatories and requests for production. For those terms not specifically defined herein, the common and ordinary meaning of those terms should be applied.

      (a) The terms "accident" or "the accident" mean the incident referenced in the Complaint which is the basis of this lawsuit, unless otherwise specified.

(b)   The term "address" means the present, or, if unknown the last known, street name and number, city or town, state, and zip code.

(c)   The words "any" and "all" shall both mean "any and all" as appropriate in order to bring within the scope of these interrogatories and requests for production information and documents which might otherwise be considered beyond their scope.

(d)   The term "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation thereof in relation to other events.

(e)   The terms "describe," "describe in detail," "state," or "state in detail" as used herein shall include a request for a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to the subject matter of the specific interrogatory utilizing the term.

(f)   The term "describe" when used in reference to a document or other tangible object means the title or name, date, time, author of any document, the common name, identifying number of any object, the name and address of the person having possession of the document or object at the present time, and the nature and contents of the document or object.

(g)   The term "document" means any written, recorded, or graphic matter however produced or reproduced, whether or not in the possession, custody or control of the party responding to these interrogatories and requests for production, or whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, reports, records, lists, memoranda, correspondence, emails, schedules, facsimiles, photographs, videos, signed reports, electronically stored data, films, memos, contracts, or citations.

(h)   The term "knowledge" means firsthand information and information derived from any source.

(i)   The term "owner" as used herein shall mean in the plural as well as the singular any natural person, firm, association, partnership, corporation, or other form of legal entity, unless the context indicates otherwise.

(j)   The term "person" as used herein shall mean in the plural as well as the singular any natural person, firm, association, partnership, corporation, or other form of legal entity, unless the context indicates otherwise.

(k)   The term "phone number" means the primary number, e.g., cell phone number or residential telephone number, where the person associated with said number can be contacted.

(l) The phrase "written, digital, or electronic records" means any documents, software, logs, email, or other paper, digital, or electronic records or objects, including but not limited to any accident reports, investigative reports, invoices, insurance policies, endorsements, declaration sheets, receipts, payment stubs, amendments, photographs, and audiovisual recordings, which relate to the matters referenced in the specific interrogatory or request for production using the phrase.

(m)   The terms "you" or "your" mean the party responding to these interrogatories and requests for production, as well as any agent, attorney, or other person or persons acting on behalf of or under the control of said party.

(n)  The term "subject property" means the property located at #4 Talmadge Court, Little Rock, Arkansas, where Plaintiff was injured as set out in the Plaintiff's Complaint.

**INTERROGATORIES AND REQUESTS FOR PRODUTION OF DOCUMENTS**

**INTERROGATORY NO. 1**:  State the name, address and telephone number of all persons having information concerning the events referred to in the plaintiffs' complaint, including a summary of the information known by each.

**INTERROGATORY NO. 2**:  Are you correctly named in the complaint?  If you are not, state your proper corporate name and agent for service.

**REQUEST FOR PRODUCTION NO. 1:**  Please attach a copy of your corporate structure, including but not limited to parent companies; subsidiary companies; and articles of incorporation.

**REQUEST FOR PRODUCTION NO. 2:**  Please attach copies of all agreements and contracts between you and the other named corporate Defendant.

**INTERROGATORY NO. 3**:  State the name, address and telephone number of all persons you intend calling as witnesses at trial and state whether each will testify as an expert or lay witness.

**INTERROGATORY NO. 4**:  Pleast specify all witnesses who are believed to be eyewitnesses.

**INTERROGATORY NO. 5**:  For each expert witness you intend to call at trial, please state the name, address, and telephone number; his or her qualifications, education, and training; a summary of said expert's opinion; when said expert was retained by counsel for this case; and a list of all previous testimony, including case style and court; date of testimony; and the name of counsel retaining that expert in each prior testimony.

**REQUEST FOR PRODUCTION NO. 3:** Produce for each identified expert:

a.      Current resume or Curriculum Vitae;

b.      Copies of all prior depositions in which the expert has given testimony within the last four years;

c.      Report summarizing each expert's opinions in this case;

d.      Expert correspondence with counsel in this matter;

e.      Expert's fee schedule; and

f.      Itemization of all said expert's work performed, including an itemization of time and billing in this matter.

**INTERROGATORY NO. 6:**   Please describe all exhibits, including all documents or other tangible evidence which you may or will introduce into evidence, refer to or utilize in any manner at any time during the course of the trial of this case. Include all photographs, documents and other things you will use as demonstrative tools to convey any information to the jury, regardless of whether these will be submitted into evidence.

**REQUEST FOR PRODUCTION NO. 4:**   Please produce for inspection and copying all exhibits referred to in your answer to the preceding interrogatory.

**INTERROGATORY NO. 7:**   As a result of the occurrence referred to in Plaintiffs' complaint was any accident report, incident report or similar report prepared? If so, state:

a)      The name, address and telephone number of the present custodian of each such report;

b)    A description of the content of each report;

c)    Names, addresses and telephone numbers of all persons giving information used in the report.

**REQUEST FOR PRODUCTION NO. 5**: Please produce for inspection and copying all reports referred to in your answer to the previous interrogatory.

**INTERROGATORY NO. 8**: State names, addresses and telephone numbers of all your employees or agents who were contacted when the accident happened and state whether they are still employed by you.

**INTERROGATORY NO. 9**: Does the defendant contend that Plaintiff James Daniel Holt was contributorily negligent and if so, state particularly your contentions in that regard.

**REQUEST FOR PRODUCTION NO. 6**: Please attach all documents, photographs or video surveillance which support your contention in response to Interrogatory No. 9.

**INTERROGATORY NO. 10**: Do you have any information concerning fault on the part of anyone other than the Plaintiff or this defendant? If so, explain.

**REQUEST FOR PRODUCTION NO. 7:** Please attach all documents, photographs and video surveillance which support your answer to Interrogatory No. 10.

**INTERROGATORY NO. 11**: State whether this defendant has any rules, regulations, policies or guidelines concerning the maintenance, clean-up or inspection of real estate properties, including but not limited to the subject property described in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 8**:  Please produce for inspection and copying purposes all documents referred to in your answer to the preceding interrogatory.

**INTERROGATORY NO. 12**:  Have you or your agents or employees obtained any statement from the Plaintiff?  If so, please state the date the statement was taken and by whom it was taken and whether it was oral or recorded.

**REQUEST FOR PRODUCTION NO. 9**:  Please produce for inspection and copying any statements referred to in answer to the previous interrogatory.

**INTERROGATORY NO. 13**:  State whether the defendant, by its agents or employees, has obtained statements from anyone purporting to have knowledge of the occurrence alleged in Plaintiffs' Complaint.

**REQUEST FOR PRODUCTION NO. 10**:  Please produce for inspection and copying all statements referred to in answer to the previous interrogatory.

**INTERROGATORY NO. 14**:  If your attorney answered these questions for you, do you understand and agree that these are considered your answers and you may be bound by them?

**INTERROGATORY NO. 15**: Has anyone acting for you obtained any medical records concerning the Plaintiff from any source other than the Plaintiffs' attorneys?

**REQUEST FOR PRODUCTION NO. 11**:  If the answer to the previous interrogatory is yes, attach copies of such to your answers.

**INTERROGATORY NO. 16**:  Do you have liability insurance providing potential indemnification against any judgment the Plaintiffs might obtain?  State the names of each and every liability carrier providing insurance and the coverage limits.

Include all policies whether primary, excess or umbrella. Also indicate whether each of these policies covers punitive damages.

**REQUEST FOR PRODUCTION NO. 12**: Please produce for purposes of inspection and copying all insurance policies, whether primary, excess or umbrella, which may provide indemnification against any judgment obtained against you in this case.

**INTERROGATORY NO. 17**: Please state the names, addresses, and telephone numbers of all person(s) who a) were present at the scene of the accident; b) came to the scene of the accident after it occurred; c) repaired the deck where Plaintiff was injured; and d) the names of the person(s) who directed the repairs. For each person identified, please state the name of his/her employer and position held, address, and telephone number.

**INTERROGATORY NO. 18**: Please state the date and time of all injuries occurring on the subject property ten years prior to Plaintiff's accident, including the names, addresses, and telephone numbers of the victims.

**REQUEST FOR PRODUCTION NO. 13**: Please produce for inspection and copy all accident reports of all accident reports involving injuries occurring on Defendant's premises set out in response to Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 14**: Please produce for inspection and copy all maintenance logs for the subject property for the twelve-month period immediately prior to the accident.

**INTERROGATORY NO. 19**: Please state the name of the owner of the subject property at the time Plaintiff was injured?

**REQUEST FOR PRODUCTION NO. 15**: Please attach copies of all documents relating to the purchase of the subject property, including but not limited to the transaction when it was purchased due to the foreclosure. Include all documents contained in your file, including but not limited to copies of the deed(s) and tax records.

**INTERROGATORY NO. 20**: Please state the names of all owners of the subject property beginning 20 years prior to Plaintiff's accident through the present.

**REQUEST FOR PRODUCTION NO. 16**: Please attach copies of all documents supporting you answer to Interrogatory No. 20.

**INTERROGATORY NO. 21**: Was the facility leased to or under contract to any person or entity other than the two named corporate defendants at the time of the accident?  If so, please identify each such person or entity by name, address, and telephone number.

**INTERROGATORY NO. 22**: Did any insurer of this defendant provide safety services?

**REQUEST FOR PRODUCTION NO. 17**:  If the answer to the preceding interrogatory is in the affirmative, attach a copy of any and all records, reports or other documentation in your possession regarding such reviews.

**REQUEST FOR PRODUCTION NO. 18**: Please produce all correspondence, reports, claim forms and all other documentation relating to the events alleged in Plaintiffs' Complaint.

**INTERROGATORY NO. 23**:  Please state the relationship between you and the other named defendant.

**REQUEST FOR PRODUCTION NO. 19**:  Please attach copies of all contracts, correspondence, memorandums, and other documentation relating to your business relationship with the other named defendant, including but not limited to the subject property.

**INTERROGATORY NO:  24**:  Will you supplement your answers to these Interrogatories upon receipt of any information which would alter, amend or supplement your previous answers?

Respectfully submitted,

GARY HOLT & ASSOCIATES, P.A.
P. O. Box 3887
Little Rock, AR 72203-3887
Telephone:  (501) 372-0266
Fax:  (501) 372-2249 fax
Email:  holtg@garyholtlaw.com

William Gary Holt, AR # 81090
*Counsel for Plaintiff*

# Exhibit 2

No. 60CV-16-1358 This summons is for   U.S. BANK NATIONAL ASSOCIATION (name of Defendant).

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-29  14:24:30
60CV-16-1358
C06D06 : 2 Pages

## PROOF OF SERVICE

❏ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❏ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❏ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❏ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

■ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

❏ Other [specify]:
_____

❏ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                             By: _____
                             [Signature of server]

---

[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _3/29/2016_          By: _/s/ William Gary Holt_
                               [Signature of server]

                               _William Gary Holt_
                               [Printed name]

Address: _PO Box 3887, Little Rock, Arkansas 72203_

Phone: _501-372-0266_

Subscribed and sworn to before me this date: _3/29/2016_

                    _/s/ Sonya J. Grimes_
                    Notary Public

My commission expires: _December 04, 2022_

Additional information regarding service or attempted service:

---

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 7196 9008 9111 1658 2031 | A. Received by (Please Print Clearly) | B. Date of Delivery |
| | C. Signature X _Chris Flowers_ □ Agent □ Addressee |
| 3. Service Type CERTIFIED MAIL™ | D. Is delivery address different from Item 1? □ Yes If YES, enter delivery address below: □ No |
| 4. Restricted Delivery? (Extra Fee) ☒ Yes | |
| 1. Article Addressed to: US Bank National Association c/o US Bankcorp Agent For Service: CEO Richard K. Davis 800 Nicollet Mall Minneapolis, MN 55402 | |
| PS Form 3811, January 2005        Domestic Return Receipt | WGH 216642 - Holt |

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2016-Mar-29 14:24:30
60CV-16-1358
C06D06 : 2 Pages

No. 60CV-16-1358 This summons is for  CALIBER HOME LOANS, INC. (name of Defendant)

## PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❑ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14
years of age who resides there, on _____[date]; or

❑ I delivered the summons and complaint to _____[name of individual], an agent
authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons
and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as
shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the
summons and complaint by first-class mail to the defendant together with two copies of a notice and
acknowledgment and received the attached notice and acknowledgment form within twenty days after
the date of mailing.

■ Other [specify]:  I am the attorney of record for the plaintiff in this lawsuit, and I served the summons and
 complaint on the defendant corporation by certified mail, return receipt requested, as shown by the attached signed
 return receipt, and in accord with Ark. R. Civ. P. 4(d)(8)(A)(i).
_____

❑ I was unable to execute service because:
_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____    SHERIFF OF _____ COUNTY, ARKANSAS

                         By: _____
                         [Signature of server]

—————————————————
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 3/29/2016          By:  /s/ William Gary Holt
                             [Signature of server]

                             William Gary Holt
                             [Printed name]

Address:   PO Box 3887, Little Rock, Arkansas 72203

Phone:   501-372-0266

Subscribed and sworn to before me this date: 3/29/2016

                        /s/ Sonya J. Grimes
                        Notary Public

My commission expires:   December 04, 2022

Additional information regarding service or attempted service:



2. Article Number

7196 9008 9111 1658 2048

3. Service Type  CERTIFIED MAIL™

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

Caliber Home Loans,
Agent for Service: The Corporation Company
124 West Capital Avenue, Suite 1900
Little Rock, AR 72201

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery
CT Corp                                 3-15-16

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

PS Form 3811, January 2005     Domestic Return Receipt     WGH 216647