IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES DANIEL HOLT | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | |
| U.S. BANK TRUST, N.A. AS | * | |
| TRUSTEE FOR LSF9 MASTER | * | |
| PARTICIPATION TRUST; | * | |
| CALIBER HOME LOANS, INC.; | * | NO: 4:16CV00202 SWW |
| GREEN RIVER CAPITAL LLC; | * | |
| SAFEGUARD PROPERTIES | * | |
| MANAGEMENT LLC; | * | |
| PRO PROPERTY SERVICES, INC.; | * | |
| JOHN AND JANE DOES NOS. 1-10; | * | |
| AND JOE DOE CORPORATIONS | * | |
| NOS. 1-3 | * | |
| Defendants | * | |
| | * | |

## **ORDER**

Before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction [ECF Nos. 24, 25] and Plaintiff's response opposing dismissal and requesting remand [ECF Nos. 26, 27]. After careful consideration, the motion to dismiss is denied. Because it is clear from the record that subject matter jurisdiction is lacking in this case, it will be remanded to the state court from which it was removed.

On March 7, 2016, Plaintiff, a resident of Pulaski County, Arkansas, commenced this personal injury action in state court, pleading that the named defendants were out-of-state companies or foreign corporations. Plaintiff also listed John Doe Corporations as defendants. On April 13, 2016, the named defendants removed the case to this Court on grounds of diversity of citizenship between the parties and an amount in controversy exceeding $75,000. On

September 2, 2016, Plaintiff filed an amended complaint naming additional defendants, including Pro Property Services, Inc., an Arkansas resident.

Noting the joinder of a non-diverse defendant, Defendants move for dismissal for lack of subject matter jurisdiction. The presence of a nondiverse party automatically destroys subject matter jurisdiction when, as in this case, jurisdiction is based solely on diversity. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389, 118 S.Ct. 2047 (1998). However, Plaintiff asserts and the Court agrees, that the appropriate action is to remand this case to the state court from which it was removed. "The language of section 1447(c) mandates a remand of the case (to the state court from which it was removed) whenever the district court concludes that subject-matter jurisdiction is nonexistent." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)(citing *In re Atlas Van Lines, Inc. v. Poplar Bluff Transfer Co*., 209 F.3d 1064, 1066-67 (8th Cir. 2000) and 28 U.S.C. § 1447(c)).

For the reasons stated, Defendants' motion to dismiss for lack of subject matter jurisdiction [ECF No. 24] is DENIED, and this cause of action is hereby and immediately REMANDED to the Circuit Court of Pulaski County, Arkansas, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED THIS 28TH DAY OF FEBRUARY, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE